5 So.2d 642

### OLIVER v. STATE.
### 8 Div. 176.

Court of Appeals of Alabama.

Nov. 4, 1941.

Rehearing Denied Nov. 25, 1941.

W. L. Chenault, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes and Jas. A. Hare, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment, proper in form and substance, charged this appellant, defendant below, with the offense of assault with intent to murder one Jess McLemore. In answer to said indictment the defendant interposed his plea of "not guilty." The trial resulted in the conviction of the defendant, the verdict returned by the jury is as follows: "We the jury find the defendant guilty of assault with intent to murder as charged in the indictment." Judgment of conviction was duly and regularly pronounced and entered, and the court fixed his punishment at imprisonment in the penitentiary for a period of two years. From said judgment this appeal was taken.

From the evidence adduced upon the trial of this case in the court below it is disclosed without dispute that the alleged injured party, Jess McLemore, during a serious difficulty with defendant, was grievously and dangerously wounded by the defendant's having cut him in the face, and body, several times with a knife. The testimony, regarding the difficulty was in sharp conflict. That for the State, tended to sustain each averment or allegation contained in the indictment. The testimony of defendant and his witnesses, tended to show that the wounds upon the face and body of McLemore were inflicted by defendant with a knife, but tended to show such acts were justified and were committed in self-defense. It would serve no purpose to recite the facts, as it clearly appears from all the evidence that a jury question was presented.

This court is of the opinion that the experienced and learned trial judge throughout the entire trial was careful to and did by his every ruling safeguard the substantial rights of the defendant. The very excellent, thorough and able oral charge of the court very clearly manifests this fact.

We have carefully considered every exception reserved by defendant to the court's rulings pending the trial. No error of a reversible nature appears in any of said rulings.

From what has been said the refusal of written charge 2, affirmative in nature, was without error. The matters involved in said charge were for the jury to determine and the court correctly held it was without authority to direct a verdict for defendant.

The motion for a new trial was likewise properly overruled and denied.

**312**

No error appearing it is ordered that the judgment of conviction appealed from, will stand affirmed.

Affirmed.